## RICHARD B. ELLIS
### v.
### FRANK J. VON ACH ET AL.

1. WRIT OF ERROR—JUDICIAL DISCRETION—TIME FOR APPLICATION.—While a party can prosecute a writ of error at any time within five years from the rendition of judgment, the court is of opinion that this limitation should be held to apply only to those cases where a writ of error is a writ of right, but where a party desires to prosecute a writ of error under section 8 of the act establishing the appellate court, he must make his application in the same time that he would be compelled to if he desired to appeal instead of suing out a writ of error.

2. PRACTICE.—It is a rule of practice in this court, that the court will not examine the record and give a certificate of importance under the statute to enable a party to prosecute a writ of error, unless the application therefor be made within twenty days.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed January 15, 1884.

Mr. B. C. TALIAFERRO, for appellant.

Mr. I. N. BASSETT, Mr. J. C. PEPPER and Mr. JAMES McCARTNEY, for appellees.

PER CURIAM. The judgment rendered in this case by the circuit court was affirmed at the last May term of this court.

The judgment being for less than $1,000 exclusive of costs, and the action founded in tort, no appeal or writ of error will lie as a matter of right to remove the case into the Supreme Court.

Appellant enters his motion herein at the present term, for leave to prosecute a writ of error and for a certificate of importance under the eighth section of the act establishing appellate courts, which provides: "That in any case a majority of the judges of the appellate court shall be of opinion that a case decided by them involving a less sum than one thousand dollars ($1,000), exclusive of costs, also involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court, they may in such cases grant appeals and writs of error to the Supreme Court on petition of parties to the cause, in which case the said appellate court shall certify to the Supreme Court the grounds of granting such appeal."

The time in which a party can obtain an order allowing an appeal to the Supreme Court is limited to twenty days after judgment is rendered in this court, and as by the above provision of the statute the right to an appeal or writ of error depends upon the same conditions, we are disposed to hold that a party desiring to prosecute a writ of error in a case like this, must make his application in the same time that he would be compelled to if he desired to appeal, instead of suing out a writ of error.

It can scarcely be that the legislature intended to impose upon this court the duty of re-examining the records of causes that have been disposed of for months and perhaps years, in order to ascertain if such questions of law are involved that its discretion ought to be exercised in favor of a party desiring to prosecute a writ of error.

In general a party can prosecute a writ of error at any time within five years from the rendition of judgment, but this limitation we think should be held to apply only to those cases where a writ of error is a writ of right, and not depending upon the judicial discretion of the lower court.

Whether we are right in this view as a matter of statutory

construction may not, perhaps, be very material, for we have no hesitation in saying that as a rule of practice in this court, we will not examine the record and give a certificate of importance under the statute to enable a party to prosecute a writ of error, unless the application therefor be made within twenty days, the time limited for appeal in the same case.

Motion denied.